UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| RUSSELL A. WILLIAMS, | ) | CASE NO. 1:23-CV-649 |
| | ) | |
| Plaintiff, | ) | JUDGE CHARLES E. FLEMING |
| | ) | |
| vs. | ) | |
| | ) | |
| | ) | **MEMORANDUM OPINION AND** |
| ASHTABULA MUNICIPAL COURT, *et al.*, | ) | **ORDER** |
| | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## I. INTRODUCTION

Before the Court are five Motions to Dismiss filed by the Forensic Psychiatric Center of Northeast Ohio (ECF No. 12); the Ashtabula Municipal Court and the Ashtabula Police Department (ECF No. 13); Ashtabula County Public Defender (ECF No. 15); Virginia Berrett, Anthony Ray Williams, Billi Anne Williams, Sean Fox Mansfield Williams, and Laura Jay Covey (ECF No. 16); and Windsor Laurelwood (ECF No. 28). Defendants universally claim that Plaintiff failed to establish a basis for this Court's subject matter jurisdiction and failed to allege cogent facts that plausibly state a claim for relief. One Defendant, Signature Health, requested and was granted leave to plead by June 30, 2023. (ECF No. 25). The Court concurs with the Defendants and finds that Plaintiff failed to establish a basis for federal court subject matter jurisdiction, so the Motions to Dismiss will be granted and this case will be dismissed against all Defendants, including Signature Health.

## II. BACKGROUND

The *pro se* Complaint is difficult to comprehend. (ECF No. 1 and 4). Plaintiff claims he had a rough childhood and left his family home at a young age. He alleges he became very wealthy

1

mining bitcoin in a hand-written document, but his parents lured him back to the house and stole it from him. He claims he was robbed of his vehicle and other possessions and imprisoned. He alleges that "[t]hey knew Laurelwood mental hospital and through connection privately distressingly signed me over where I was imprisoned and injected and when I finally escaped told therapist at signature health who somehow had me arrested." (ECF No. 1 at 5). He states, "Ashtabula courts tyrannically picked up case and terroristically demanded I testify against myself at forensics center or be in contempt of courts." (Doc. No. 1, PageID 5). He asserts claims for violation of his Fifth and Sixth Amendment rights, 5 U.S.C. § 3331, Ohio Revised Code § 2151.421, 18 U.S.C. § 1347, 41 U.S.C. § 4712, 10 U.S.C. § 921, and the United Nations Basic Human Guaranteed Rights Articles 2, 3, 5, 12, 28, and 27.2. He seeks $12,600,000,000.00 "for standing up in the face of terror and tyranny against unconstitutional malpractice as well as compensation from all tyrannic oppressors…" (ECF No. 1, PageID 5).

Plaintiff currently has domestic violence charges pending against him in the Ashtabula Municipal Court, Case No. 22 CRB 00917. The docket reflects that his attorney filed a Motion for a Competency Evaluation on January 30, 2023. The Municipal Court Judge granted that Motion and referred Plaintiff to the Forensic Center to conduct the evaluation. The docket does not indicate the result of that evaluation. However, the case has been set for monthly competency status reviews since March 2023.

### III. STANDARD OF REVIEW

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) challenges a Court's subject matter jurisdiction. Federal courts are courts of limited jurisdiction, and, unlike state trial courts, they do not have general jurisdiction to review all questions of law. *See Ohio ex rel. Skaggs v. Brunner*, 549 F.3d 468, 474 (6th Cir. 2008). Instead, they have only the authority

to decide cases that the Constitution and Congress have empowered them to resolve. *Id.* Consequently, "[i]t is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (internal citation omitted).

Rule 12(b)(1) motions may challenge jurisdiction facially or factually. Fed.R.Civ.P. 12(b)(1); *United States v. Richie*, 15 F.3d 592, 598 (6th Cir. 1994). In a facial attack, the challenger asserts that the allegations contained in the complaint are insufficient on their face to invoke federal jurisdiction. *See In re Title Ins. Antitrust Cases*, 702 F.Supp.2d 840, 884–85 (N.D. Ohio 2010) (citing *Ohio Hosp. Ass'n v. Shalala*, 978 F.Supp. 735, 739 (N.D. Ohio 1997)). By contrast, in a factual attack, the challenger disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction. *Id.* A challenge to subject matter jurisdiction may be considered a factual attack when the attack relies on extrinsic evidence, as opposed to the pleadings alone, to contest the truth of the allegations. *Id.* The Plaintiff has the burden of proving subject matter jurisdiction in order to survive a Motion to Dismiss pursuant to Rule 12(b)(1). *Madison-Hughes v. Shalala*, 80 F.3d 1121, 1130 (6th Cir. 1996).

When deciding a motion to dismiss under Rule 12(b)(6), the function of the Court is to test the legal sufficiency of the complaint. *See Mayer v. Mylod*, 988 F.2d 635, 638 (6th Cir. 1993). The Supreme Court in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) and in *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009) clarified the law regarding what the Plaintiff must plead in order to survive a motion to dismiss under Rule 12(b)(6).

When determining whether the Plaintiff has stated a claim upon which relief can be granted, the Court must construe the complaint in the light most favorable to the Plaintiff, accept all factual allegations as true, and determine whether the complaint contains "enough facts to state

a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 555. The Plaintiff's obligation to provide the grounds for relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id*. Although a complaint need not contain detailed factual allegations, its "factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the Complaint are true." *Id*. The Court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286 (1986).

The Court in *Iqbal*, 556 U.S. at 677–78, further explains the "plausibility" requirement, stating that "a claim has facial plausibility when the Plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Furthermore, "the plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant acted unlawfully." *Id*. This determination is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*. The Sixth Circuit has held that a court may consider allegations contained in the complaint, as well as exhibits attached to or otherwise incorporated in the complaint, all without converting a Motion to Dismiss to a Motion for Summary Judgment. Fed. R. Civ. P. 10(c); *Weiner v. Klais & Co.*, 108 F.3d 86, 89 (6th Cir. 1997).

Finally, even without a Motion to Dismiss, district courts are permitted to conduct a limited screening procedure and to dismiss, *sua sponte*, a fee-paid complaint filed by a non-prisoner if it appears that the allegations are "totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999) (per curiam) (citing *Hagans v. Lavine*, 415 U.S. 528, 536–37 (1974)). Dismissal on a *sua sponte* basis is also authorized where the asserted claims lack an arguable basis in law, or if the district court

4

lacks subject matter jurisdiction over the matter. *Id*. at 480; *see also Neitzke v. Williams*, 490 U.S. 319 (1989); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990).

### IV. DISCUSSION

As the Defendants assert in their Motions to Dismiss, the Plaintiff's claims in this case are so tenuous that they fail to establish a plausible basis for this Court's subject matter jurisdiction. The Constitution and Congress have given federal courts authority to hear a case only when diversity of citizenship exists between the parties, or when the case raises a federal question. *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). The first type of federal jurisdiction, diversity of citizenship, is applicable to cases of sufficient value between "citizens of different states." 28 U.S.C. § 1332(a)(1). To establish diversity of citizenship, the Plaintiff must establish that he is a citizen of one state and all the Defendants are citizens of other states. The citizenship of a natural person equates to his domicile. *Von Dunser v. Aronoff*, 915 F.2d 1071, 1072 (6th Cir. 1990). The second type of federal jurisdiction relies on the presence of a federal question. This type of jurisdiction arises where a "well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Franchise Tax Bd. v. Construction Laborers Vacation Trust*, 463 U.S. 1, 27–28 (1983).

Diversity of citizenship is not present in this case because all the parties are from Ohio. If federal jurisdiction exists in this case, it must be based on a claimed violation of federal law. In determining whether a claim arises under federal law, the Court looks only to the "well-pleaded allegations of the complaint and ignores potential defenses" defendants may raise. *Mikulski v. Centerior Energy Corp.*, 501 F.3d 555, 560 (6th Cir. 2007).

5

The statutes cited by Plaintiff are not applicable to this case.  The first statute he cites, 5 U.S.C. § 3331, requires federal officers to take an oath of office.  This case does not involve an oath of office or a federal officer.   The second statute, 18 U.S.C. § 1347, provides criminal penalties for healthcare fraud.  It does not permit a private right of action in a civil case.  *Sefa v. Kentucky*, 510 F. App'x 435, 438 (6th Cir. 2013) ("private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another.").  The third statute, 41 U.S.C. § 4712, protects federal contractors from reprisals for acting as "whistleblowers."  Plaintiff is not a federal contractor and there is no indication that whistleblowing activities were at issue in this case.  Additionally, 10 U.S.C. § 921 is part of the Uniform Code of Military Justice which provides protection to members of our armed services.  This case does not involve military personnel.  Finally, the United Nations Basic Human Guaranteed Rights does not impose obligations as a matter of international law.  Federal courts lack jurisdiction over these claims.  *Sosa v. Alvarez-Machain*, 542 U.S. 692, 734 (2004).

The only federal claims that are arguably applicable to this case are Plaintiff's assertions of violation of his Fifth and Sixth Amendment rights.  Although these claims can be raised under 42 U.S.C. § 1983 which would provide federal question jurisdiction, they are asserted solely against the Ashtabula Municipal Court.  The Ashtabula Municipal Court is not *sui juris*, meaning, it is not an independent legal entity capable of suing or being sued in its own right.  It is merely a subunit of the municipality or municipalities it serves.  *Carmichael v. City of Cleveland*, 571 F. App'x 426, 435 (6th Cir. 2014); *Leisure v. Franklin Cty. Court of Common Pleas*, No. 2:07 CV 817, 2008 WL 4239005, at *4 (S.D. Ohio Sept. 8, 2008).  Consequently, Plaintiff's claims against the Municipal Court fail as a matter of law.  *Black v. Montgomery Cty. Common Pleas Court*, No. 3:18-CV-00123, 2018 WL 2473560, at *1 (S.D. Ohio June 4, 2018).

Furthermore, because Plaintiff's criminal charges are still pending, this Court must abstain from considering any issue which would interfere with the state court's case. *See Younger v. Harris*, 401 U.S. 37, 44–45 (1971). Plaintiff contends the Ashtabula Municipal Court required him to testify against himself. If his Fifth or Sixth Amendment rights were implicated in that proceeding, he can seek relief in the state courts. This Court cannot interfere with a pending state court criminal proceeding. *Id*.

Finally, Plaintiff asserts a claim under Ohio Revised Code § 2151.421 which imposes a duty on certain professionals and state officials to report suspected child abuse or neglect. Plaintiff does not allege any facts to suggest how this statute might be relevant to this case. Moreover, this statute is a matter of state law, not federal law. It cannot provide an independent basis for federal jurisdiction.

## V. CONCLUSION

Accordingly, the Defendants' Motions to Dismiss under Federal Civil Procedure Rules 12(b)(1) and 12(b)(6) (ECF No. 12, 13, 15, 16, and 28) are **GRANTED** and this action is dismissed against those Defendants. As the Court lacks subject matter jurisdiction over the claims asserted against Signature Health for the reasons stated above relative to the Motions to Dismiss, those claims are dismissed pursuant to *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999). This case is closed. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

**IT IS SO ORDERED.**

Date: June 1, 2023

*Charles Fleming*
**CHARLES E. FLEMING**
**UNITED STATES DISTRICT JUDGE**